**Todd M. Friedman (216752)**
**Adrian R. Bacon (280332)**
**Meghan E. George (SBN 274525)**
**Tom E. Wheeler (SBN 308789)**
**Law Offices of Todd M. Friedman, P.C.**
**21550 Oxnard St., Suite 780**
**Woodland Hills, CA 91367**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@toddflaw.com**
**abacon@toddflaw.com**
**mgeorge@toddflaw.com**
**twheeler@toddflaw.com**
**Attorneys for Plaintiff, GIOVANNA ROSE**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANNA ROSE, individually, and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>     vs.<br><br>UNIVERSAL FITNESS CLUB, and DOES 1 through 10, inclusive,<br><br>            Defendant. | Case No.<br>**CLASS ACTION COMPLAINT**<br>(1)   Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*);<br>(2)   Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*);<br>(3)   Violations of the False Advertising Law, (Cal. Bus. & Prof. Code § 17500, et seq.);<br>(4)   Violation of the Electronic Funds Transfer Act §§ 1693 *et seq.*;<br>(5)   Violation of the Electronic Funds Transfer Act §§ 1693 *et seq.*<br>(6)   Violation of Health Studio Services Contract Act (Civ. Code §1812.80 *et seq.*);<br>(7)   Violation of the Telephone Consumer Protection Act (27 U.S.C. § 227 *et seq.*);<br>(8)   Violation of the Telephone Consumer Protection Act (27 U.S.C. § 227 *et seq.*);<br>(9)   Violation of the Telephone Consumer Protection Act (27 U.S.C. § 227 *et seq.*); and<br>(10) Violation of the Telephone Consumer Protection Act (27 U.S.C. § 227 *et seq.*).<br><br>**Jury Trial Demanded** |

Plaintiff GIOVANNA ROSE ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

**NATURE OF THE ACTION**

1.    Plaintiff brings this class action Complaint against Defendant UNIVERSAL FITNESS CLUB (hereinafter "Defendant") to stop Defendant's practice of falsely advertising its services and products in order to falsely induce consumers to purchase Defendant's gym memberships and to obtain redress for all California consumers ("Class Members") (a) who were promised a gym membership at one price, but then ultimately charged a higher price, (hereinafter collectively referred to as the "Class Products") (b) who were represented to receive free training sessions (hereinafter collectively referred to as the "Class Services"), or (c) whose bank accounts were debited on a reoccurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers, Defendant.

2.    Defendant is a California company and is engaged in the advertising, sale, and provider of gym services with a large share of its business done in California.

3.    Defendant represents to prospective consumers that they would get a gym membership for a monthly fee of $24.99 with a free training session.

4.    Plaintiff and others similarly situated purchased Defendant's gym memberships.

5.    Defendant misrepresented and falsely advertised to Plaintiff and others similarly situated the price of these services because Defendant charged purchasers of these services and products for more than what was advertised and deducted these funds from accounts of Plaintiff and those similarly situated to Plaintiff which these consumers never agreed to pay for.

6.    Defendant's misrepresentations to Plaintiff and others similarly

situated caused them to purchase Defendant's gym memberships and training sessions, which Plaintiff and others similarly situated would not have purchased absent these misrepresentations by Defendant and its employees. In so doing, Defendant has violated California consumer protection statutes.

7.     Furthermore, Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA") and related regulations, thereby invading Plaintiff's privacy.

## JURISDICTION AND VENUE

8.     This class action is brought pursuant to Federal Rule of Civil Procedure 23.

9.     This matter is properly venued in the United States District Court for the Central District of California, in that Plaintiff was subject to Defendant's advertisements at Defendant's gym location at 2210 East Palmdale Blvd, Palmdale, CA 93550 located in Los Angeles County and the Central District of California. In addition, Defendant does business, <u>inter alia</u>, in the Central District of California.

10.     There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

CLASS ACTION COMPLAINT

11.    In the case at bar, there are at least 100 members in the proposed Class, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff and the class are citizens of California State.

### THE PARTIES

12.    Plaintiff GIOVANNA ROSE ("Plaintiff") is a citizen and resident of the State of California. As such, she is a "person" as defined under 47 U.S.C. § 153(39).

13.    Defendant UNIVERSAL FITNESS CLUB ("California") is a California company with its principal place of business located and headquarters is located in California.  Defendant conducts a large share of its business within California. As such, Defendant is a "person" as defined under 47 U.S.C. § 153(39)

14.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

15.    Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

16.    At all relevant times, Defendant ratified each and every act or omission complained of herein.  At all relevant times, Defendant, aided and

CLASS ACTION COMPLAINT

abetted the acts and omissions as alleged herein.

17.   The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

**PLAINTIFF'S FACTS**

18.   In or around April of 2017, Plaintiff went to Defendant's Palmdale location where she was drawn to Defendant's advertisements of a monthly gym membership at $24.99 and free training sessions.

19.   For the gym membership, Plaintiff paid more than valuable consideration.

20.   A salesperson of Defendant who was authorized to make representations on behalf of Defendant informed Plaintiff that if she signed up for a gym membership that day, she would get the membership at the price of $24.99 per month with a sign up fee of that much to be deducted from her bank account that day and then once per month from thereon out, and included in that price, she would get a free training session for which she would not be charged.

21.   Defendant represented to her that her bank account would be debited for the amount of $24.99 for a membership payment and that she would not be charged for training sessions.

22.   Relying on the assurances that Plaintiff would receive the above referenced service and products, Plaintiff forewent other gym membership and training service providers and purchased those of Defendant. That is, Plaintiff

purchased Defendant's gym membership because Defendant represented to her that she would receive said membership for $24.99 per month, and a free training session would be included with that price.

23.    Furthermore, Defendant represented to Plaintiff that her initial payment would not be deducted from her account until June of 2017.

24.    Defendant's sales representative then presented her with a hand-held electronic device, and instructed her to sign her name onto the device, electronically. Defendant's sales representatives told her that she would subsequently apply her electronic signature onto the relevant purchase documents, from the device. Plaintiff was never informed what the actual purchase documents consisted of, but Plaintiff did not believe it to be anything other than a signature for payment.  Plaintiff was never presented with a contract to read and/or sign, and the device had no writing on it pertaining to any agreement that Plaintiff was being asked to sign, it just had a place for her to write her signature with a stylus.  Plaintiff was never informed to go elsewhere to review any terms and conditions of the agreement Plaintiff entered into.

25.    Plaintiff was never presented with the agreement prior to signing, the electronic device contained no information about the agreement, and a copy was never printed and given to her after signing.

26.    However, after Plaintiff purchased Defendant's gym membership, she did not receive any of the things that Defendant had advertised.

27.    First, Defendant began to charge Plaintiff more than the advertised price for the gym membership. That is, Defendant deducted funds from Plaintiff's bank account, but Defendant did not apply said funds to Plaintiff's gym membership account. Ultimately, Defendant had Plaintiff sign up for a second membership after representing to her that her first membership was invalid and for which she would not be charged, however, beginning in or

around May of 2017, Defendant began to charge Plaintiff double by continuing to charge her for the April 2017 membership and the May 2017 membership.

28. Second, Defendant failed to provide Plaintiff with any free training session.

29. Third, Defendant began to charge Plaintiff for training sessions.

30. After noticing the inaccurate electronic debit, Plaintiff immediately contacted Defendants and disputed the withdrawal based on the representations of terms of the payment for the gym membership and training sessions made by Defendant's sales representative.

31. In fact, Plaintiff explicitly told Defendant not to charge her account for any training sessions. As of around June of 2017, Plaintiff told Defendant to cease charging her bank account for her membership and that she was canceling her membership. However, Defendant continued to debit her bank account for the monthly membership fee in excess of the agreed upon price, and Defendant debited Plaintiff's bank account in excess of $100 for training sessions that she never received or agreed to purchase.

32. Plaintiff had never seen any explanation of these additional charges, nor had Defendant's sales' representatives informed her of these additional charges. Further, Plaintiff never had the opportunity to see any explanation of these charges (if they did appear on the 'contract') because Plaintiff was never given a copy of the documents Plaintiff had signed.  Importantly, Defendant failed to provide clear and readily understandable notice of this amount, and of additional services for which the transfer was set to take place, by written notice, 10 days before the scheduled transfer date, as required under Regulation E § 205.10(d)(1), governing EFTA.

33. Plaintiff immediately asked Defendant to cancel any additional charges that she did not agree to.

34.    However, Plaintiff discovered that Defendant had continued to automatically withdraw additional funds from her account on a reoccurring basis. Defendant failed to provide clear and readily understandable notice of these variations in the transfer amounts, and of additional services for which the transfer was set to take place, by written notice, 10 days before the scheduled transfer date, as required under Regulation E § 205.10(d)(1), governing EFTA.

35.    Plaintiff never provided Defendant with any authorization to deduct these extra sums of money on a regular recurring basis from Plaintiff's banking account.

36.    Defendant continued to deduct these monthly sums from Plaintiff without Plaintiff's authorization.

37.    Further, Defendant did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing the additional recurring or automatic payments.

38.    Plaintiff did not provide Defendants either with a written or an electronic signature authorizing the additional recurring or automatic payments.

39.    Also, beginning around July of 2017 and continuing through October of 2017, Defendant bombarded Plaintiff's cellular telephone, number ending in -1841, with spam advertisement or promotional offers, or for the purposes of debt collection, via text messages and calls.

40.    Plaintiff received promotional text messages or calls to her cellular telephone almost daily from the period beginning around July of 2017 and continuing through October of 2017.

41.    Defendant sent promotional text messages from short code 873-65 confirmed to belong to Defendant that read as follows:

Universal fitness: Bring a friend

Thursday 7/26 for our open house.

Click on the link 4 their guest pass

or call 6612663200

http://bit.ly/2wk0oYDk.

42.    Further, Defendant called Plaintiff's cellular telephone from telephone numbers confirmed to belong to Defendant (888) 824-2331 with the callback number (855) 275-1060.

43.    That is, after Plaintiff cancelled or attempted to cancel her membership with Defendant and demanded that Defendant cease debiting her bank account, Defendant left pre-recorded voice messages on Plaintiff's cellular telephone stating ". . .this is universal fitness calling please call our member services at (855) 275-1060 regarding your gym membership. . .".

44.    These text messages and phone calls placed to Plaintiff's cellular telephone were placed via Defendant's *SMS Blasting Platform*, an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

45.    The telephone number that Defendant, or its agent called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

46.    These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

47.    These telephone calls by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

48.    As  result, Plaintiff's privacy was invaded, she incurred the costs of receiving said calls, and she felt annoyed, harassed, and anxious.

49.    Defendant's sales tactics regarding its gym membership and training sessions rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

50.    Defendant expressly represented to Plaintiff (a) she would have a monthly gym membership for $24.99 and (b) would receive a free training session.

51.    Plaintiff alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase gym membership in spite of the inhibition brought about by the difficulty of installing them.

52.    In purchasing the Class Services, Plaintiff relied upon Defendant's representations.

53.    Such representations were clearly false because Plaintiff was charged more than $24.99 per month.

54.    Plaintiff would not have purchased the gym membership if she knew that the above-referenced statements made by Defendant were false.

55.    Had Defendant properly marketed, advertised, and represented the Class Services and Products, Plaintiff would not have purchased the gym membership.

56.    Plaintiff gave her money to Defendant because of Defendant's representations. Defendant benefited from falsely advertising the gym membership. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

57.    Had Defendant properly marketed, advertised, and represented the Class Services and Products, no reasonable consumer who purchased a gym membership would have believed that the gym membership was $100 per month or that the training sessions were free.

## CLASS ACTION ALLEGATIONS

58.    Plaintiff brings this action, on behalf of herself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

59.    The classes Plaintiff seeks to represent (the "Classes") are defined as follows:

> EFTA Class: All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendant without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint

> EFTA Class 2: All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendant after revoking consent to withdraw such funds

> Gym Membership Class: All California Citizens who, between the applicable statute of limitations and the present, purchased one or more Class Product in the State of California, and whose gym membership was advertised as $24.99 per month.

> Training Session Class: All California Citizens who, between the applicable statute of limitations and the present, purchased one or more Class Service in the State of California, and whose training session was advertised to be free.

> TCPA Solicitation Class: All persons in the United States who, within four years of the filing of the instant complaint, received unsolicited text messages or phone calls, not for any emergency purpose, to their cellular telephone numbers from Defendant without first obtaining consumer's consent to receive texts or calls of such nature.

> TCPA Collection Class: All persons in the United States who, within four years of the filing of the instant complaint, received calls from Defendant for the purpose of debt collection from an automated telephone dialing system or pre-recorded voice message without consumers' express prior consent.

60.    As used herein, the term "Class Members" shall mean and refer to the members of the Classes described above.

61.    Excluded from the Classes are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

62.    Plaintiff reserves the right to amend the Classes, and to add

CLASS ACTION COMPLAINT

additional subclasses, if discovery and further investigation reveals such action is warranted.

63.    Upon information and belief, the proposed class is composed of thousands of persons.  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

64.    No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

65.    Rather, all claims in this matter arise from the identical business practices to Class Members' when purchasing gym memberships and training sessions, when in fact, such representations were false.

66.    There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

> (a)    Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Services and Products to Plaintiff and other Class Members;
>
> (b)    Whether Defendant made misrepresentations with respect to the Class Services and Products sold to consumers;
>
> (c)    Whether Defendant profited from both the sale of the gym membership and training sessions;
>
> (d)    Whether Defendant withdrew funds from Class Members that it was not authorized to take;
>
> (e)    Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*. and California Bus. & Prof. Code § 17500, *et seq*.;
>
> (f)    Whether Defendant violated 15 U.S.C. § 1693 *et seq*.;
>
> (g)    Whether Plaintiff and Class Members are entitled to equitable

and/or injunctive relief;

(h)   Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(i)   The method of calculation and extent of damages for Plaintiff and Class Members.

67.   Plaintiff is a member of the classes she seeks to represent

68.   Plaintiff and members of The TCPA Solicitation Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Solicitation Class members via their cellular telephones thereby causing Plaintiff and Solicitation Class members to incur certain charges or reduced telephone time for which Plaintiff and Solicitation Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Solicitation Class members.

69.   There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Solicitation Class predominate over questions which may affect individual Solicitation Class members, including the following:

a)   Whether, within the four years prior to the filing of this Complaint, Defendants or their agents sent any text messages to the Solicitation Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Solicitation Class member using any automatic dialing system to any telephone number assigned to a cellular phone service;

b)    Whether Plaintiff and the Solicitation Class members were damaged thereby, and the extent of damages for such violation; and

c)    Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

70.    As a person that received at least one marketing and text message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Solicitation Class.  Plaintiff will fairly and adequately represent and protect the interests of the Solicitation Class in that Plaintiff has no interests antagonistic to any member of the Solicitation Class.

71.    Plaintiff and members of The Collection Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Collection Class members via their cellular telephones thereby causing Plaintiff and Collection Class members to incur certain charges or reduced telephone time for which Plaintiff and Collection Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Collection Class members.

72.    Common questions of fact and law exist as to all members of The Collection Class which predominate over any questions affecting only individual members of The Collection Class.  These common legal and factual questions, which do not vary between Collection Class members, and which may be determined without reference to the individual circumstances of any Collection Class members, include, but are not limited to, the following:

a)    Whether, within the four years prior to the filing of this Complaint, Defendant made any collection call (other than a call made for emergency purposes or made with the prior

express consent of the called party) to a Collection Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b)     Whether Plaintiff and the Collection Class members were damages thereby, and the extent of damages for such violation; and

c)     Whether Defendant should be enjoined from engaging in such conduct in the future.

73.     As a person that received numerous collection calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Collection Class.

74.     The claims of Plaintiff are not only typical of all class members, they are identical.

75.     All claims of Plaintiff and the classes are based on the exact same legal theories.

76.     Plaintiff has no interest antagonistic to, or in conflict with, the classes.

77.     Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Services and Products from Defendant during the Class Period and had funds automatically withdrawn from her account without her permission.    Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experiences.    Plaintiff's claims are typical of all Class Members as demonstrated herein.

78.     Plaintiff will thoroughly and adequately protect the interests of the

1    class, having retained qualified and competent legal counsel to represent herself

2    and the class.

3        79.    Common questions will predominate, and there will be no unusual

4    manageability issues.

**FIRST CLAIM FOR RELIEF**
**Unfair and Unlawful Business Practices in Violation of the Unfair**
**Competition Law,**
**Cal. Bus. & Prof. Code § 17200, *et seq.***
**(On Behalf of Plaintiff and the Gym Membership Class and the Training**
**Session Class)**

8        80.    Plaintiff reincorporates by reference all of the preceding paragraphs.

9        81.    Defendant's conduct resulted from policies that Defendant

10   contrived, ratified, and implemented throughout its retail locations.

11       82.    Defendant's conduct is unlawful, in violation of the UCL, because it

12   contravenes the legislatively declared policy against unfair methods of business

13   competition. Additionally, Defendant's conduct is unlawful because, as set forth

14   below, it violates the False Advertising Law and the Consumer Legal Remedies

15   Act.

16       83.    Defendant engaged in unfair methods of competition and unfair

17   trade practices that violate the UCL in at least the following respects:

18       a.    With the intent and effect of stifling open and vigorous competition

19            in the market for gym memberships and gym membership related

20            products and services, Defendant devised and executed a scheme to

21            mislead consumers throughout its gym locations.

22       b.    Defendant intentionally caused the above referenced misleading of

23            consumers through purposeful, willful and intentional objectively

24            false statements and omissions.

25       c.    Defendant made no action to rectify the above referenced deception

26            and provided no corrective advertising that was easily accessible to

27            consumers which would offset its blatantly false advertising.

28

CLASS ACTION COMPLAINT

d.    By forcing Plaintiff and Class members to believe that its products and services were cheaper than they appeared, Defendant has obtained an unfair advantage in the marketplace and has hindered competition for other gym memberships and gym membership related products and services.

e.    To induce purchases of Defendant's products and services, Defendant provided misleading signages and representations throughout its gym locations.

f.    Defendant's conduct was designed to increase and maintain its share of the gym and gym related products and services market due to conditions separate from competitive factors like pricing and features of goods and services.

84.    Defendant acted to inhibit competition in a manner that is unfair and substantially injurious to the consuming public. Defendant's unfair methods of competition and unfair acts and practices are contrary to California law and policy and constitute unscrupulous, unethical, outrageous, and oppressive business practices.

85.    Defendant has indicated that it considers itself free to commit similar injurious acts of unfair competition in the future. It should be enjoined from doing so pursuant to Business and Professions Code section 17203.

86.    The gravity of the harm resulting from Defendant's conduct detailed above outweighs any possible utility of this conduct. There are reasonably available alternatives that would further Defendant's legitimate business interests.

87.    Plaintiff and Class members could not have reasonably avoided injury from Defendant's unfair business conduct. Plaintiff and Class members did not know, and had no reasonable means of learning, that Defendant's products did not have the pricing information that Defendant represented.

CLASS ACTION COMPLAINT

88.    As a direct and proximate result of Defendant's conduct, Plaintiff and Class members have suffered injuries in fact, including because:

a.    Defendant's unfair methods of competition and unfair acts and practices have prevented Plaintiff and Class members from making purchasing decisions on the basis of competitive factors in the marketplace for consumer and business goods.

b.    As a result of Defendant's unfair methods of competition and unfair acts and practices, Plaintiff and Class members who purchased gym memberships services and gym membership related products that they would not have purchased absent Defendant's false representations.

c.    Defendant's unfair methods of competition and unfair acts and practices have caused Plaintiff's and Class members' to purchase products and services that were substantially more expensive advertised.

89.    All of Defendant's unlawful and unfair conduct occurred during Defendant's business and was part of a generalized course of conduct.

90.    Plaintiff and the Class accordingly are entitled to relief as provided for under the UCL, including restitution, declaratory relief, and a permanent injunction prohibiting Defendant from committing these violations. Plaintiff also respectfully seek reasonable attorneys' fees and costs under applicable law, including California Code of Civil Procedure section 1021.5.

## SECOND CLAIM FOR RELIEF
**Fraudulent Business Practices in Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.**
**(On Behalf of Plaintiff and the Gym Membership Class and the Training Session Class)**

91.    Plaintiff reincorporates by reference all of the preceding paragraphs.

92.    Defendant's conduct resulted from policies that Defendant contrived, ratified, and implemented systematically throughout its gym locations.

93.    Defendant's conduct violates the UCL's prohibition of fraudulent business practices.

94.    To induce purchases of Defendant's gym memberships and related products, Defendant made misleading statements in its advertisements that deceived Plaintiff and Class members and reinforced its reasonable expectation and belief about the price of its products and services.

95.    A reasonable consumer would expect that they would be able to rely on the pricing information provided by Defendant.

96.    At the time Plaintiff and Class members purchased their Class Products, Defendant was aware of consumers' widespread and common practice of relying on the pricing information of Defendant. Defendant deliberately furthered, fostered, and reinforced this expectation, through uniform misrepresentations and material omissions.

97.    Defendant's uniform listing of false pricing information communicated to reasonable consumers through the use of paper signages and representations and other representations and omissions mislead these consumers into believing that Defendant's gym memberships and related products were different than advertised.

98.    These multiple statements, together with (i) consumers' existing reasonable expectations to rely on Defendant's representations, and (ii) Defendant's suppression of the true, material fact that the gym memberships and products were of a different price, completed Defendant's deceptive scheme.

99.    Defendant's conduct had a strong tendency and likelihood to deceive reasonable consumers. Defendant's conduct misled, deceived, and tricked Plaintiff and Class members into purchasing Defendant's gym memberships and related services they would not have purchased in the absence of Defendant's deception.

100. When they purchased Defendant's gym memberships and related products, Plaintiff and Class members reasonably relied to their detriment on Defendant's misleading statements in its advertisements, representations and omissions. These statements deceived Plaintiff and Class members by, among other things, reinforcing their reasonable expectation and belief that they could rely on Defendant's pricing information.

101. The pricing information was material and highly important to Plaintiff and Class members in deciding to purchase Class Products and Class Services.

102. Defendant has a duty to clearly and conspicuously disclose to Plaintiff and Class members the true and accurate pricing information of its products, because (i) a reasonable consumer would find this information highly important and material to the decision of whether to purchase a gym memberships and related products instead of another item, and (ii) a reasonable consumer would expect that, unless otherwise informed, he or she would be able to rely on Defendant's representations of the pricing information.

103. Defendant caused Plaintiff and Class members to forgo purchasing gym memberships and related products from other companies due to its false representations and concealment of material facts.

104. At the direct expense of Plaintiff and Class members, Defendant benefited and profited from its false representations and concealment of material facts. As a direct and proximate result of Defendant's deception, more consumers purchased Defendant's gym memberships and related products.

105. Defendant's wrongful and injurious deception continued when it failed to provide corrective advertising to Plaintiff and Class members

106. To induce purchases of Defendant's gym memberships and related products, Defendant intentionally caused the Class Products and Class Services

CLASS ACTION COMPLAINT

1     to be perceived as being different prices than they in fact were.

2     107. Defendant's misleading signages and representations had a strong

3     tendency to, and actually did, deceive Plaintiff and Class members.

4     108. Plaintiff and Class members reasonably relied to their detriment on

5     Defendant's misleading signages and representations. Defendant's misleading

6     misrepresentations and omissions caused actual harm to Plaintiff and Class

7     members by inducing them to purchase Defendants' gym memberships and

8     related products. Plaintiff and Class members purchased Defendant's gym

9     memberships and related products as a direct and proximate result of

10     Defendant's misleading statements and omissions.

11     109. All of Defendant's misleading and fraudulent conduct occurred

12     during Defendant's business and was part of a generalized course of conduct.

13     110. Plaintiff and the Class accordingly are entitled to relief as provided

14     for under the UCL, including restitution, declaratory relief, and a permanent

15     injunction. Plaintiff also respectfully seek reasonable attorneys' fees and costs

16     under applicable law, including California Code of Civil Procedure section

17     1021.5.

**THIRD CLAIM FOR RELIEF**
**Violations of the False Advertising Law,**
**Cal. Bus. & Prof. Code § 17500,** *et seq.*
**(On Behalf of Plaintiff and the Gym Membership Class and the Training**
**Session Class)**

21     111. Plaintiff reincorporates by reference all of the preceding paragraphs

22     112. Defendant violated the FAL by using false and misleading

23     statements, and material omissions, to promote the sale of Class Products and

24     Class Services.

25     113. Class Products and Class Services were more expensive than

26     Defendant promised.

27     114. Defendant made uniform representations and material omissions

that communicated to Plaintiff and Class members that Class Products and Class Services were of a different price.

115.    Defendant knew, or in the exercise of reasonable diligence should have known, that its representations and omissions were false and misleading at the time it made them. Defendant deliberately provided false representations and omissions to deceive reasonable consumers.

116.    Defendant's false and misleading advertising of Class Products and Class Services deceived the general public.

117.    As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and Class members have suffered injury-in-fact and have lost money and property. Plaintiff and Class members reasonably relied to their detriment on Defendant's material misrepresentations and omissions that Class Products and Class Services would be a higher price. Plaintiff and Class members received products that were materially different than advertised: the Class Products were of a different price than advertised.

118.    Plaintiff and Class members bring this action under Business and Professions Code section 17535 to enjoin the violations described herein and to require Defendants to issue appropriate corrective disclosures. Defendant's false advertising will continue to harm consumers unless and until it is enjoined. Plaintiff and Class members therefore seek: (a) an order requiring Defendant to cease its false advertising; (b) full restitution of all monies Defendant derived from its false advertising; (c) interest at the highest rate allowable by law; and (d) an award of reasonable attorneys' fees and costs under applicable law, including Code of Civil Procedure section 1021.5.

## FOURTH CLAIM FOR RELIEF
### Violations of the Electronic Funds Transfer Act
### 15 U.S.C. § 1693 *et seq.*
### (On Behalf of Plaintiff and the EFTA Class)

119.    Plaintiff reincorporates by reference all of the preceding paragraphs.

120.  Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

121.  Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

122.  Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p ]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer.  The person that obtains the authorization shall provide a copy to the consumer."

123.  Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization."  *Id.* at ¶10(b), comment 5.  The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable."  *Id.* at ¶10(b), comment 6.

124.  In multiple instances, Defendants have debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

125.  In multiple instances, Defendants have debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without

providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the putative Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

### FIFTH CLAIM FOR RELIEF
### Violations of the Electronic Funds Transfer Act
### 15 U.S.C. § 1693 *et seq.*
### (On Behalf of Plaintiff and the EFTA Class 2)

126.   Plaintiff reincorporates by reference all of the preceding paragraphs.

127.   The EFTA, 15 U.S.C. §1693e(a), provides that "[a] consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer."

128.   Section    205.10(c)(1)    of    Regulation    E    provides    that "[a] consumer may stop payment of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer."

129.   In multiple instances, Defendants debited bank accounts of the Class members on a recurring basis after the consumer requested to stop payments of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer in violation of the EFTA, 15 U.S.C. § 1693e(a) and Regulation E, 12 C.F.R. § 205.10(c)(1).

### SIXTH CLAIM FOR RELIEF
### Violations of the Health Studio Services Contract Act
### Cal. Civ. Code § 1812.81 *et seq.*
### (On Behalf of Plaintiff and the Gym Membership Class and Training Session Class)

130.   Plaintiff reincorporates by reference all of the preceding paragraphs.

131.   Defendants' facility is a health studio within the meaning of Cal. Civ. Code § 1812.81.

132.  Cal. Civ. Code § 1812.82 requires every contract for health studio services shall be in writing and also that a written copy shall be given to the consumer at the time he signs the contract.

133.  Cal. Civ. Code § 1812.83 requires that a contract for health studio services shall include a statement printed in a size at least 14-point type that discloses the length of the term of the contract. This statement shall be placed above the space reserved for the signature of the buyer.

134.  Cal. Civ. Code § 1812.85 requires that the contract shall provide a description of the services, facilities, and hours of access to which the consumer is entitled.

135.  Cal. Civ. Code § 1812.85 (b)(1) requires that every contract for health studio services shall, in addition, contain on its face, a conspicuous statement in a size equal to at least 10-point boldface type, as follows: "You, the buyer, may cancel this agreement at any time prior to midnight of the fifth business day of the health studio after the date of this agreement.

136.  Defendants failed to enter into a written contract with Plaintiff for Plaintiffs' post-November 2014 membership, and failed to provide Plaintiff with a written contract at the time he signed the blank electronic screen.

### SEVENTH CLAIM FOR RELIEF
*Negligent* Violations of the Telephone Consumer Protection Act
47 U.S.C. § 227 *et seq.*
(On Behalf of Plaintiff and the TCPA Solicitation Class)

137.  Plaintiff reincorporates by reference all of the preceding paragraphs.

138.  The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*.

139.  As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and The Solicitation Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §

227(b)(3)(B).

140.  Plaintiff and the Solicitation Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### EIGHTH CLAIM FOR RELIEF
### *Knowing or Willful* Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227 *et seq.*
### (On Behalf of Plaintiff and the TCPA Solicitation Class)

141.  Plaintiff reincorporates by reference all of the preceding paragraphs.

142.  The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*.

143.  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and The Solicitation Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

144.  Plaintiff and the Solicitation Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### NINTH CLAIM FOR RELIEF
### *Negligent* Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227 *et seq.*
### (On Behalf of Plaintiff and the TCPA Collection Class)

145.  Plaintiff reincorporates by reference all of the preceding paragraphs.

146.  The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*.

147.  As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Collection Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

148.   Plaintiff and the Collection Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**TENTH CLAIM FOR RELIEF**
***Knowing of Willful* Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227 *et seq.***
**(On Behalf of Plaintiff and the TCPA Collection Class)**

149.   Plaintiff reincorporates by reference all of the preceding paragraphs.

150.   The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*.

151.   As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff  and the Collection Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

152.   Plaintiff and the Collection Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**MISCELLANEOUS**

153.   Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

**PRAYER FOR RELIEF**

154.   Plaintiff, on behalf of herself and the Class, requests the following relief:

(a)     An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b)     An order certifying the undersigned counsel as Class Counsel;

(c)     An order requiring UNIVERSAL FITNESS CLUB, at its own

1    cost, to notify all Class Members of the unlawful and
2    deceptive conduct herein;

3    (d)    An order requiring UNIVERSAL FITNESS CLUB to engage
4           in corrective advertising regarding the conduct discussed
5           above;

6    (e)    Actual damages suffered by Plaintiff and Class Members as
7           applicable or full restitution of all funds acquired from
8           Plaintiff and Class Members from the sale of misbranded
9           Class Services during the relevant class period;

10   (f)    Punitive damages, as allowable, in an amount determined by
11          the Court or jury;

12   (g)    Any and all statutory enhanced damages;

13   (h)    All reasonable and necessary attorneys' fees and costs
14          provided by statute, common law or the Court's inherent
15          power;

16   (i)    Pre- and post-judgment interest; and

17   (j)    All other relief, general or special, legal and equitable, to
18          which Plaintiff and Class Members may be justly entitled as
19          deemed by the Court.

20                        **REQUEST FOR JURY TRIAL**

21          155.   Plaintiff demands a trial by jury under the Seventh Amendment of
22   the United States of America on all issues so triable.

23   Dated:  November 26, 2017        Respectfully submitted,
24
25                                    LAW OFFICES OF TODD M. FRIEDMAN , PC

26                                    By: /s Todd. M. Friedman
27                                    TODD M. FRIEDMAN, ESQ.
                                      Attorney for Plaintiff GIOVANNA ROSE
28

CLASS ACTION COMPLAINT